IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:22-CR-00251-M-KS-4
Case No. 5:25-CV-00200-M

JOSEPH PLUMMER,

Petitioner,

v.                                                                    ORDER

UNITED STATES OF AMERICA,

Respondent.

This matter comes before the court on Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 [DE 299] and the United States' Motion to Dismiss [DE 303]. The court finds that the record conclusively shows that Petitioner is not entitled to relief; therefore, no hearing is necessary pursuant to 28 U.S.C. § 2255(b). For the following reasons, the United States' motion is granted, and Petitioner's motion is dismissed.

I.      **Background**

On December 20, 2023, Petitioner pled guilty pursuant to a written plea agreement to brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2. *See* DE 244–45. On March 14, 2024, this court sentenced Petitioner to the statutory mandatory minimum sentence of 300 months. DE 273.

On March 6, 2025, Petitioner filed a pro se motion advising that he had "found grounds of ineffective assistance" and seeking a sixty-day extension in which to file a petition pursuant to 28 U.S.C. § 2255. DE 297. The court found that it lacked jurisdiction to grant such relief, but it construed the motion as a timely § 2255 petition and permitted Petitioner to object to the

recharacterization on or before April 11, 2025. DE 298 at 1–2. Petitioner did not file a timely objection or withdrawal and has not, to date, filed any supplemental memoranda. On May 23, 2025, the United States moved to dismiss the petition for lack of factual specificity. DE 303. In this posture, the motions are ripe for review.

## II. Legal Standards

"A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court 'to vacate, set aside, or correct his sentence' pursuant to 28 U.S.C. § 2255." *Umar v. United States*, 161 F.Supp.3d 366, 373 (E.D. Va. 2015) (quoting § 2255(a)). Such relief is appropriate if the court finds that

> the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). The petitioner has the burden "to establish by a preponderance of the evidence" the purported basis for relief. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The Government may respond to a Section 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). However, the scope of a court's review for a motion to dismiss a habeas petition is broader than the typical civil context because the court may also consider the record from the petitioner's underlying conviction and any exhibits attached to the petition. *See id.* at 139; *McCollough v.*

2

*Bragg*, No. 5:20-CV-138, 2021 WL 236079, at *3 (D.S.C. Jan. 25, 2021); 28 U.S.C. § 2255(b) (instructing court to review "the files and records of the case").

Considering all such materials in tandem, to survive a motion to dismiss, a § 2255 petition must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible when it contains factual content that "allows the court to draw the reasonable inference" that the petitioner is entitled to the relief requested. *Id.* at 664. In other words, the well-pleaded allegations must "be enough to raise a right to relief above a speculative level.," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 at 556. As such, a speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 194 (4th Cir. 2009) (recognizing that "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief") (cleaned up).

## III. Discussion

As construed, Petitioner moves to dismiss his conviction on the grounds that he received ineffective assistance of counsel. DE 299. Specifically, he alleges that upon reviewing his plea agreement, he identified "grounds of ineffective counsel." *Id.* He provides no further detail. As the United States observes, "[t]he claim lacks any factual enhancement that his counsel's performance was deficient or that he suffered prejudice" as a result. DE 304 at 8. Accordingly,

3

the court finds that the well-pleaded allegations in the petition are insufficient to raise Petitioner's ineffective assistance claim "above a speculative level." *See Twombly*, 550 at 556. For lack of specificity, his claim must be dismissed.

## IV. Conclusion

For these reasons, the United States' Motion to Dismiss [DE 303] is GRANTED, and Petitioner's habeas petition [DE 299] is DISMISSED. The court finds that reasonable jurists would not find the court's treatment of any of Petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability. *See* § 2253(c). The Clerk is directed to close the above-captioned civil case.

SO ORDERED this _____ 4Th _____ day of May, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

4